*Judge Berman*

**09CRIM1082**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **INFORMATION** |
| - v. - | : | |
| KELLY SOTT, | : | 09 Cr. |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - -x

### COUNT ONE

The United States Attorney charges:

1. In or about July 2009, in the Southern District of New York and elsewhere, KELLY SOTT, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that KELLY SOTT, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1).

3. The controlled substance involved in the offense was 50 grams and more of methamphetamine, its salts, isomers, and salts of its isomers, in a form commonly known as "ICE" in violation of 21 U.S.C. Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
NOV 09 2009

## COUNT TWO

The United States Attorney further charges:

4.  On or about August 10, 2009, in the Southern District of New York, KELLY SOTT, the defendant, unlawfully, intentionally and knowingly, did distribute and possess with intent to distribute a controlled substance, to wit, mixtures and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C).

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C); Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

5.  As a result of committing the controlled substance offenses alleged in Count One and Count Two of this Indictment, KELLY SOTT, the defendant, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One and Count Two of this Indictment.

6.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a.   cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846, and 853.)

              *Preet Bharara*
              PREET BHARARA
              United States Attorney